### EDWARDS v. UNITED STATES.
#### No. 3211.

Circuit Court of Appeals, Fourth Circuit.

Nov. 7, 1931.

W. D. Workman, of Greenville, S. C., for appellant.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C. (William Wolff Smith, Sp. Counsel, Veterans' Administration, Bayless L. Guffy and James C. Willcox, Attys., Veterans' Administration, all of Washington, D. C., on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges, and COLEMAN, District Judge.

SOPER, Circuit Judge.

 Will Edwards of Greenville, S. C., brought suit to recover the proceeds of a war risk insurance policy, claiming that, by reason of disease contracted in the United States Army, he had become totally and permanently disabled. Upon the conclusion of the evidence at the trial, the District Judge directed a verdict for the government. His decision was based upon testimony given in behalf of the United States by two reputable physicians who examined the soldier in 1923, three years after he had been discharged from the army. They found nothing wrong with him; and hence the judge concluded that there had been a failure on the part of the plaintiff to show such a disability as made it impossible for him to follow continuously a substantially gainful occupation. The correctness of this ruling is the only question in the case.

The evidence on behalf of the plaintiff tended to show that the soldier's health broke down while he was in the army, and upon medical examination on September 18, 1919, it was found that he was suffering from active pulmonary tuberculosis. He was transferred from the army camp to the government hospital at Oteen, N. C., and he was discharged from the army in May, 1920, in a somewhat improved condition. On December 20, 1920, the War Risk Insurance Bureau rated the soldier as permanently and totally disabled, and later this rating was made effective from August 18, 1919; and insurance benefits were paid to him until March 17, 1923, when the award was discontinued because the Bureau found as its opinion that the insured was no longer permanently and totally disabled.

The change in rating was made while the soldier was confined in the Greenville county jail. He was arrested in the latter part of 1921 on the charge of highway robbery, and remained in jail without doing any work for a period of two years, during which he was indicted, convicted, and sentenced to a term of ten years in the penitentiary. While he lay in jail, he was examined by the two physicians, upon whose testimony the District Judge relied. One of them made an examination on behalf of the War Risk Insurance Bureau on March 5, 1923, after the soldier had been in jail for more than a year. Neither physician found any defect in the lungs of the patient or in any other respect. They made no X-ray examination or test of the sputum, but said that the plaintiff complained of pains in the chest. The Bureau's physician testified that an arrested case of tuberculosis would not have been disclosed by the kind of examination which he gave.

After the prisoner had spent two years in jail, his conviction having been affirmed by the appellate court in the meantime, he was put to work in a chain gang on the roads. He made complaint to the guards in charge that he was unable to do the heavy work, was suspected of malingering, and was examined by a doctor in 1924, who found that he was suffering with tuberculosis and asthma, and advised the authorities to give him only light work. As the result of this advice, he was relieved from the work which he had formerly done and instructed to walk behind the road tractor and pick out the sticks, grass, and stones. Later on he was allowed to ride upon the machine. He remained with the road gang until January 10, 1930, when he was paroled, but he was sick from time to time and did not go out regularly to work with the gang. During this period he suffered to some extent from spitting of blood,

624

hemorrhages and night sweats. He has done no work since he was paroled. He was examined by a physician in February and March, 1931, who found him to be suffering from active pulmonary tuberculosis, and believed him to be entitled to a rating of total and permanent disability.

Upon this state of facts, we think the case was one for the jury to decide. While the evidence was conflicting, it tended to show that the plaintiff had become totally and permanently disabled during his service in the United States Army and had continued in that state until the time of trial. In Carter v. U. S., 49 F.(2d) 221, we approved Regulation XI promulgated by the Director of the Bureau of War Risk Insurance, acting under the authority of section 13 of the War Risk Insurance Act (as amended) 40 Stat. 555, wherein it is declared that any impairment of body, which renders it impossible for the disabled person to follow continuously any substantially gainful occupation, shall be deemed to be total disability. In that case there was evidence tending to show that the soldier had contracted tuberculosis during the life of the policy and had suffered with it continuously although he had done some work from time to time. It was pointed out that the word "continuously" should be construed as meaning "with reasonable regularity," and that the mere fact that an insured may have worked for a substantial period does not of itself conclusively show that he was not totally and permanently disabled. The material question is whether the insured was able to follow continuously a substantially gainful occupation without material injury to his health. Of course it is not sufficient to show in a war risk insurance case that an insured is afflicted with tuberculosis in order to prove that he has become totally and permanently disabled. See U. S. v. Harrison (C. C. A.) 49 F.(2d) 227, and Nicolay v. U. S. (C. C. A.) 51 F.(2d) 170. But, in the pending case, medical examinations which have been made from time to time, beginning in 1919 and ending in the current year, tend to show the presence of active pulmonary tuberculosis; and, while the contrary testimony as to insured's condition during his inactive stay in jail should be considered in determining whether or not he became totally and permanently disabled while the policy was in effect, it is nevertheless not sufficient in our opinion to justify a directed verdict for the government.

The judgment of the District Court is therefore reversed.